**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0222-18T1
                    A-0226-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BOBSEUS WILLIAMS,
a/k/a DENNIS SIMPSON,

     Defendant-Appellant.

_____

Submitted November 12, 2019 – Decided December 12, 2019

Before Judges Geiger and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 90-10-4782 and 91-02-0795 and Accusation Nos. 90-12-2548 and 90-12-2549.

Joseph E. Krakora, Public Defender, attorney for appellant (Ruth E. Hunter, Designated Counsel, on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M.

Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

PER CURIAM

Defendant Bobseus Williams, a non-citizen of the United States, appeals from June 13, 2018 and June 28, 2018 Law Division orders denying his petitions for post-conviction relief (PCR) without evidentiary hearings. We have calendared these two appeals back-to-back and affirm both orders.

I.

Defendant pled guilty on December 19, 1990 to one count of third-degree possession of a controlled dangerous substance (CDS), one count of third-degree burglary, and one count of third-degree resisting arrest. Approximately two months later, on February 15, 1991, defendant also pled guilty to one count of third-degree possession of CDS with intent to distribute on school property, charged in a separate indictment. That same day, the court sentenced defendant in accordance with the plea agreement to an aggregate four-year sentence (the 1991 convictions).

Approximately ten years later, on February 9, 2001, defendant pled guilty to two counts of second-degree assault, and one count of third-degree possession of a weapon with an unlawful purpose. On March 16, 2001, the court sentenced defendant, again in accordance with his plea agreement, to a nine-year aggregate

custodial term with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2 (the 2001 convictions). The sentencing court also ordered that the 2001 convictions run concurrent to a federal sentence defendant was then serving.

Defendant did not file a direct appeal of his convictions or sentences. Instead, on June 7, 2017 and July 19, 2017, approximately twenty-six years after his 1991 convictions and sixteen years after his 2001 convictions, defendant filed two PCR petitions in which he primarily alleged his plea counsel was constitutionally deficient for failing to advise him of the immigration consequences of his pleas.

Specifically, in his June 7, 2017 petition related to his 1991 convictions, defendant alleged that at "the time of [his] plea negotiation, [his] [a]ttorney failed to inform [him] or [advise] [him] about any [i]mmigration consequences that would affect [him]" and had he been correctly advised, he "would have spoken to an [i]mmigration attorney before [he] took [his] [p]lea." Further, in his supplemental certification defendant attested that "had [he] known of the collateral consequences of the guilty plea, [he] would never have accepted it and would have taken the case to trial as [he] had originally intended."

A-0222-18T1

Defendant also certified that neither his attorney nor the court advised him that he "had the ability to file a direct appeal of [his] conviction or that [he] could file a petition for [PCR] and that if [he] did not file within [five] years of [his] conviction that [he] could lose [his] ability to do that." He stated that "[i]t was not until [he] was arrested and incarcerated by [U.S. Immigration and Customs Enforcement (ICE)] that [he] learned of [his] rights and filed this petition," which he contended "show[ed] excusable neglect for not filing within the [five] year time period," prescribed in Rule 3:22-12(a)(1).

In his July 19, 2017 petition related to his 2001 convictions, defendant similarly claimed that "[a]t the time of [his] plea negotiation[,] [he] was denied the effective assistance of counsel" because his attorney "failed to inform or [advise] [him] about the [i]mmigration [c]onsequences of [his] [g]uilty plea." Defendant further stated that he "would not have entered [the guilty plea], but for the lack of advice [from] [his] attorney," and would have consulted with an immigration attorney prior to pleading guilty.

In his March 1, 2018 supplemental certification, defendant added that had he known his plea would get him deported, he would not have pled guilty and would have pursued the affirmative defense of self-defense because he "was injured in the attack . . . [and] had a broken nose and missing tooth," and he

A-0222-18T1

"relied on [his] lawyer's advice that [the guilty plea] was better than pursuing the defense." Defendant also noted that he "was denied [a]sylum in 2017 and filed [his] PCR [petition] shortly thereafter."

In a June 13, 2018 written opinion and order, the court denied defendant's petition related to his 1991 convictions. The court held that defendant's petition was time-barred under Rule 3:22-12(a)(1)(A) because "[it] was not timely filed, and because [d]efendant fail[ed] to demonstrate fundamental [in]justice and excusable neglect." The court acknowledged that the issues raised by defendant in his petition fell within the purview of Rules 3:22-2 and 3:22-4, but held that "Rule 3:22-12 . . . bar[red] [d]efendant's petition, since he submitted it long after the expiration of the five-year filing deadline, and has presented no 'exceptional circumstances' that would trigger its extension."

The court explained that under the rule defendant "must [establish] both excusable neglect for the delay and a reasonable probability that his assertions, if true, would render the enforcement of the conviction a 'fundamental injustice,'" but that defendant "failed to sustain either burden." The court noted that defendant attempted to explain his belated filing by claiming he did not learn of the immigration consequences of his 1991 convictions until he was later detained by immigration officials but "never indicate[d] when he was

5

incarcerated by [i]mmigration and processed for deportation, or how long after that point he filed his PCR petition" and that "[i]t is entirely possible . . . that [d]efendant did not file his PCR petition within five years of the initiation of the deportation proceedings against him."

The court further stated, relying on State v. Norman, 405 N.J. Super 149, 159 (App. Div. 2009), that defendant's explanation of excusable neglect was "wholly unsupported by evidence, vague, and barely even the 'plausible explanation for a failure to file a timely PCR petition' that courts explicitly warn against." The court also reasoned that in the twenty-six years between his convictions and filing the PCR petition, defendant "[c]learly . . . had ample opportunity to learn of his immigration consequences." The court noted that "[t]his extensive and unjustified delay serve[d] to heighten [d]efendant's burden of demonstrating a fundamental injustice."

The court also held that defendant "ha[d] not shown that [his trial attorney's] purported errors 'played a role in the determination of guilt,' and so [defendant] [could not] establish that that a miscarriage of justice took place." In this regard, the court noted that defendant "never claimed that he [was] innocent of the charges" and thus, "[defendant's] knowledge of the risk of

A-0222-18T1

deportation did not . . . affect the truth-telling function of the [c]ourt when it accepted his plea."

Furthermore, the court reasoned that defendant "ha[d] not met the first prong of [the Strickland[1] test]." The court explained that because defendant's convictions "predated the Supreme Court's seminal 2010 opinion in Padilla[2] . . . concerning deportation consequences to a criminal defendant," defendant's claims were governed by pre-Padilla standards where "a defendant seeking relief based upon post-conviction deportation consequences [could] only prevail if he demonstrate[d] that his prior counsel affirmatively provided him with misleading advice about such consequences flowing from a guilty plea." The court concluded defendant failed to establish his counsel made such an affirmative misrepresentation. Finally, the court ruled that defendant did not establish the prejudice prong of the Strickland test.

---

[1] To establish ineffective assistance of counsel, a convicted defendant must satisfy the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense.. The Strickland test has been adopted in New Jersey. See State v. Fritz, 105 N.J. 42, 58 (1987).

[2] Padilla v. Kentucky, 559 U.S. 356 (2010) (finding ineffective assistance of counsel in failure to advise defendant before guilty plea about risk of deportation).

In its June 28, 2018 written opinion addressing defendant's 2001 convictions, the court similarly concluded that defendant's petition was time-barred by Rule 3:22-12(a)(1)(A).  It noted that defendant's certification "[made] no attempt to demonstrate excusable neglect for failing to file a PCR petition within five years of his conviction" as defendant "fail[ed] to specify when the asylum claim was filed, when it was denied, when removal proceedings were initiated against him, or how long after he filed for asylum he filed the present petition."  Furthermore, the court explained that defendant admitted he was arrested in 2012 and was held for deportation proceedings which "suggest[ed] that he knew about the risk of deportation at least as early as 2012."

The court also reasoned that defendant's plea form signed on February 9, 2001, was conclusive proof that he was aware of the risk of deportation well before filing his PCR petition in 2017 because defendant answered "yes" to question seventeen, which asked, "[d]o you understand that if you are not a United State[s] citizen or national, you may be deported by virtue of your plea of guilty?"  The court observed that defendant had sixteen years "free from [his trial attorney's] influence," but "made no effort to investigate his potential immigration consequences during that time."  Thus, the court rejected

defendant's claim he established excusable neglect because "'[i]gnorance of the law and rules of court does not qualify as excusable neglect.'"

The court also held that defendant failed to make a prima facie showing of ineffective assistance of counsel that would entitle him to either PCR or an evidentiary hearing. As to the first Strickland prong, the court re-iterated that defendant's trial attorney's duty before Padilla was decided "was not to affirmatively advise [d]efendant of the immigration consequences of his plea [but] it was only to not materially misadvise [d]efendant."

The court reasoned it was "impossible to find . . . that [defendant's trial attorney] materially misadvised [d]efendant as to his immigration consequences," and thus, the court could not find that his trial attorney "made errors 'so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment.'" The court concluded that "[b]ecause [d]efendant does not even claim that [his trial attorney] gave him material misadvice, there [was] also no material issue of fact that would require an evidentiary hearing to resolve."

The court also rejected defendant's contention that his trial attorney should have investigated and raised the affirmative claim of self-defense. The court held that defendant's claim failed to satisfy the first prong of Strickland because

9

he "provide[d] no information about what [his trial attorney] would have supposedly uncovered with a more thorough investigation."

In addition, the court held that defendant failed to meet his burden under the second Strickland prong because he could not prove that he "'would have not pled guilty and would have insisted on going to trial' if he had known he might be deported." According to the court, defendant "received the benefit of the bargain through pleading guilty" because, "[he] was advantaged by having [three counts] . . . dismissed, and having his sentence run concurrently to a federal sentence he was already serving."

The court also noted that defendant's argument "that but for [his trial attorney's] purported errors, he would have proceeded to trial on the theory of self-defense . . . neglect[ed] to account for the [fact that] . . . it would confirm that [d]efendant was indeed the person who struck the victims." That fact combined with "the copious amounts of evidence in the possession of the State [including] three eyewitnesses, the weapon, medical records, and an explanation for [d]efendant's motive" meant that defendant "was facing a real prospect that he would be convicted of and sentenced to up to twenty-five years in prison."

The court explained that defendant "shed no light on the real possibility that he was already facing deportation as a consequence of his federal

conviction." The court stated that defendant did not "clarify whether he was removable for this offense, nor [did] he submit any paperwork related to his immigration claim at all" which is "his burden in demonstrating ineffective assistance." Finally, the court held that defendant failed to satisfy the four-factor "manifest injustice" standard under Slater[3] to allow for withdrawal of his guilty plea pursuant to Rule 3:21-1. These appeals followed.

With respect to the court's denial of defendant's PCR petition related to his 1991 convictions, defendant argues the following points under the appeal bearing docket no. A-0222-18:

> POINT ONE
>
> THE COURT BELOW ERRED IN FINDING THAT DEFENDANT'S PCR PETITION WAS TIME-BARRED BECAUSE DEFENDANT FILED HIS PCR PETITION WHEN HE DISCOVERED THE FACTUAL PREDICATE FOR HIS PCR PETITION. SEE [R.] 3:22-12(a)(2)(B).
>
> POINT TWO
>
> THIS COURT SHOULD REMAND THE MATTER FOR AN EVIDENTIARY HEARING DUE TO THE

---

[3] State v. Slater, 198 N.J. 145, 157-58 (2009) (holding "trial judges are to consider and balance four factors in evaluating motions to withdraw a guilty plea: (1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused").

PCR COURT'S INCORRECT FACTUAL FINDINGS REGARDING THE SPECIFIC ASSERTIONS MADE BY DEFENDANT IN HIS PETITIONS.

As to the court's denial of his PCR petition related to his 2001 convictions, defendant raises the following points for our consideration under the appeal bearing docket no. A-0226-18:

POINT ONE

THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT'S PCR PETITION WAS TIME-BARRED BECAUSE DEFENDANT FILED HIS PCR PETITION WHEN HE DISCOVERED THE FACTUAL PREDICATE FOR HIS PCR PETITION. SEE [R.] 3:22-12(a)(2)(B).

POINT TWO

THE PCR COURT ERRED IN DENYING THE PCR PETITION WITHOUT AN EVIDENTIARY HEARING BECAUSE DEFENSE COUNSEL DID NOT INFORM DEFENDANT OF THE IMMIGRATION CONSEQUENCES AND ADVISED HIM TO ACCEPT A GUILTY PLEA RATHER THAN PURSUE SELF-DEFENSE AT TRIAL.

POINT THREE

THE PCR COURT IMPROPERLY APPLIED STATE v. SLATER, 198 N.J. 145 (2009), TO THIS CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL. SEE STATE v. O'DONNELL, 435 N.J. SUPER. 351 (App. Div. 2014).

We affirm substantially for the reasons expressed by the court in its June 13, 2018 and June 28, 2018 written opinions. We add the following additional comments.

## II.

To prove ineffective assistance of plea counsel, a defendant must show that counsel's performance was deficient and but for counsel's errors, there is a reasonable probability that defendant would not have pled guilty. Strickland, 466 U.S. at 687, 694; State v. DiFrisco, 137 N.J. 434, 457 (1994). The court must consider the facts in the light most favorable to the defendant to determine if a defendant has established a prima facie claim. State v. Preciose, 129 N.J. 451, 462-63 (1992).

A first petition for PCR must be filed within five years of the date of the judgment of conviction. R. 3:22-12(a)(1). A late filing may be considered if the petition itself shows excusable neglect for the late filing and that a fundamental injustice will result if defendant's claims are not considered on their merits. State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013); R. 3:22-12(a)(1)(A). In addition, Rule 3:22-12(a)(2)(B) allows for a petition to be filed within one year of the "date on which the factual predicate for the relief sought

was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence."[4]

In determining whether to relax the time bar, a court should consider "'the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.'" State v. McQuaid, 147 N.J. 464, 485 (1997) (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)). Absent compelling extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay. State v. Afanador, 151 N.J. 41, 52 (1997). "Where the deficient representation of counsel affected 'a determination of guilt or otherwise wrought a miscarriage of justice,' a procedural rule otherwise barring post-conviction relief may be overlooked to

---

[4] Although subsection (a)(2) of Rule 3:22-12 specifically refers to a "second or subsequent petition," we held in Brewster, 429 N.J. Super. at 399 n.4, that the "one-year supplemental period should apply as well to a first petition filed beyond the five-year limitation period of subsection (a)(1)" as it "would be anomalous if it deemed timely a second or third PCR petition based on a new constitutional right or a factual predicate newly-discovered but did not afford the same time period for a first PCR petition raising the same ground for relief." The Brewster court noted, however, that "[t]o determine whether the one-year supplemental period applies to a particular PCR petition, the trial court would have to make a threshold finding that the petition shows violation of a "constitutional right . . . newly recognized" or a new "factual predicate" that could not have been discovered earlier through the exercise of reasonable diligence." Ibid.

A-0222-18T1

avoid a fundamental injustice." Brewster, 429 N.J. Super. at 400 (quoting Mitchell, 126 N.J. at 587).

III.

We first address defendant's arguments, raised in point one of both appeals, that the court committed error because it failed to apply correctly Rule 3:22-12(a)(2)(B) with respect to his 1991 and 2001 convictions and concluded his petitions were time-barred. We disagree because defendant's arguments are both procedurally and substantively without merit.

Procedurally, defendant failed to allege in the trial court that he filed his petition within one year of discovering the factual predicate for relief, as prescribed in Rule 3:22-12(a)(2)(B). Instead, he maintained only that he complied with Rule 3:22-12(a)(1)(A). We generally decline to consider questions or issues not first presented in the trial court when an opportunity for such a presentation is available, unless the issues raised on appeal concern jurisdiction or matters of great public interest. State v. Robinson, 200 N.J. 1, 20 (2009) (citing Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234, 300 (1973)). Defendant's contentions do not satisfy either of the Nieder exceptions. Although we could reject defendant's reliance on Rule 3:22-12(a)(2)(B) on that basis

15

alone, we nevertheless address defendant's claims under both sections of <u>Rule</u> 3:22-12, and determine they are substantively without merit.

We agree with the court that defendant's PCR petitions related to his 1991 and 2001 convictions were untimely and defendant failed to establish that those belated filings should be excused.[5] We initially note that before the court, defendant provided different explanations to establish excusable neglect and justify his belated filings. Defendant certified with respect to his 1991 convictions he learned of the facts necessary to file his PCR petition when he was arrested and incarcerated by ICE. In neither his certification nor his PCR brief did defendant indicate specifically when he was arrested by ICE or when he learned of those rights. In his brief supporting his PCR petition for the 2001 convictions, however, he admitted that "[h]e was arrested in 2012 on warrants and finished his [New Jersey State Prison] time and was held for deportation proceedings [and] [h]e was released on ICE federal bail in 2016." He also

---

[5] With respect to his 1991 convictions, defendant does not argue on appeal that he complied with <u>Rule</u> 3:22-12(a)(1), or that his belated filing should be excused under <u>Rule</u> 3:22-12(a)(1)(A). "[A]n issue not briefed is deemed waived." Pressler and Verniero, <u>Current N.J. Court Rules</u>, cmt. 5 on <u>R.</u> 2:6-2 (2019); <u>Telebright Corp. v. Dir., N.J. Div. of Taxation</u>, 424 N.J. Super. 384, 393 (App. Div. 2012). For purposes of completeness, we have nevertheless considered the merits of whether defendant's petition satisfied that <u>Rule</u> and agree with the court's conclusions in its June 13, 2018 written opinion that the petition is time-barred and defendant failed to establish excusable neglect.

alleged that he filed his petitions shortly after his asylum claim was denied in 2017.

Further, when he pled guilty in 2001, defendant answered "yes" to the question that asked, "[d]o you understand that if you are not a United State[s] citizen or national, you may be deported by virtue of your plea of guilty?" Defendant further told the court during the plea hearing that he had sufficient time to address the questions with his attorney, that he would have given the same answers to each of the questions if he were asked in open court under oath, and that his attorney satisfactorily explained and answered all of his questions. Thus, defendant's contention that he complied with either Rule 3:22-12(a)(2)(B) or Rule 3:22-12(a)(1)(A) is unsupported by the record, as he clearly knew about the risk of deportation well before 2017.

We likewise concur with the court that there was no excusable neglect for defendant's failure to file a timely claim and therefore no injustice would result in not relaxing the five-year time bar under Rule 3:22–12(a)(1)(A). With respect to defendant's claims of excusable neglect, we considered and rejected a similar argument in Brewster. In that case, we rejected defendant's argument that plea counsel's inaccurate deportation advice constituted excusable neglect. We held that imparting allegedly deficient immigration advice does not equate with

excusable neglect because, if it did, "long-convicted defendants might routinely claim they did not learn about the deficiencies in counsel's advice on a variety of topics until after the five-year limitation period had run." Brewster, 429 N.J. Super. at 400. Thus, defendant's argument on appeal that "the cause of [his] delay was not knowing about the dire immigration consequences . . . due to his attorney's advice" does not justify a finding of excusable neglect under Rule 3:22-12(a)(1).

In rejecting defendant's claims of excusable neglect, we also consider the prejudice to the State caused by the significant passage of time and incomplete record caused by defendant's grossly belated filing. For example, the plea and sentencing related to the 1991 convictions took place over twenty-six years ago, and defendant now states that "[t]he [1990] plea and [1991] sentencing hearing transcripts were destroyed pursuant to a records retention schedule" and that "[t]he plea forms and Indictment No. 90-10-4782 are missing from the file." Thus, the State would be unfairly prejudiced in having to re-litigate this case as "memories have dimmed . . . and evidence is lost or unattainable." Mitchell, 126 N.J. at 575.

IV.

We also reject defendant's claims raised in point two of both appeals that his plea counsel was constitutionally ineffective because he failed to give defendant accurate advice about the immigration consequences of his guilty plea.[6] Because defendant's convictions predated the Supreme Court's opinion in Padilla, his claims are governed by the standards of State v. Nunez-Valdez, 200 N.J. 129, 143-44 (2009). As noted, under those pre-Padilla standards, a defendant seeking relief based upon post-conviction deportation consequences can only prevail upon a demonstration that counsel affirmatively provided misleading advice about such consequences flowing from a guilty plea. Id. at 139-43; see also State v. Santos, 210 N.J. 129, 143 (2012).

Accordingly, defendant's counsel's representation would be deemed constitutionally ineffective only if he affirmatively misinformed defendant about the immigration consequences of pleading guilty. State v. Gaitan, 209 N.J. 339, 375 (2012). At no point in either his petitions or certifications does defendant explicitly state that his counsel affirmatively misinformed him of the immigration consequences of his pleas.

---

[6] We acknowledge that with respect to defendant's petition related to his 1991 convictions, the court incorrectly stated that defendant alleged his trial counsel advised him to consult with an immigration attorney. Based on our review of the record, that error by the court was harmless and does not affect our conclusion that defendant's petition was substantively meritless.

19

Indeed, defendant submitted no evidence that his plea counsel, "assure[d] defendant that he would not be deported . . . [and d]efendant has not shown . . . [that he received any] advice [that] deviated from the 'prevailing professional norms' . . . for a criminal defense attorney." Brewster, 429 N.J. Super. at 396 (quoting Padilla, 559 U.S. at 366-67). Also, defendant has not alleged that he did not understand the plea forms or failed to review them with plea counsel. Cf. State v. Antuna, 446 N.J. Super. 595, 602-03 (App. Div. 2016) (finding ineffective assistance even though plea counsel did not misadvise about immigration consequences because defendant did not understand English and counsel "fail[ed] to have defendant review every question on the plea form").[7]

---

[7] As noted, in the certification related to his 1991 convictions, defendant also maintained that neither the court nor his plea counsel advised him that "[he] had the ability to file a direct appeal of [his] conviction or that [he] could file a petition for [PCR] and that if [he] did not file within [five] years of [his] conviction that [he] could lose [his] ability to do that." Defendant does not argue on appeal that the aforementioned purported failures by plea counsel support a claim for ineffective assistance of counsel. We, accordingly, consider any such argument waived. Woodlands Cmty. Ass'n v. Mitchell, 450 N.J. Super. 310, 318-19 (App. Div. 2017); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019). In any event, defendant's claims are without merit. First, defendant has not identified with the necessary specificity, see R. 3:22-8, what meritorious arguments he could have raised on direct appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 471-72 (2000) (finding that the presence of "nonfrivolous grounds for appeal" is "highly relevant" in determining whether the defendant was prejudiced under Strickland). Nor has defendant certified specifically why any such claim of ineffectiveness could not have been filed

(continued)

Moreover, under the circumstances, there is no evidence that had defendant been provided additional information about the possibility of being deported, it would have been rational for him to forego the plea offers and face trial and the risk of an increased sentence. See Lee v. United States, ___ U.S. ___, 137 S.Ct. 1958, 1967 (2017) (holding "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies" and "[j]udges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences"); Strickland, 466 U.S. at 687, 694; State v. DiFrisco, 137 N.J. at 457.

Here, with respect to the 1991 plea, defendant was facing seventeen counts including numerous drug charges, a weapons charge, burglary, aggravated assault, resisting arrest, and obstruction, but pled guilty to only four charges with the State agreeing to dismiss the remaining counts. As to his 2001 plea, according to the court, defendant was facing "up to twenty-five years in prison" for six counts including aggravated assault, resisting arrest, and a weapons charge.

---

within the time periods prescribed in Rule 3:22-12(a)(1) or Rule 3:22-12(a)(2)(B), or why those periods should be relaxed for those specific claims.

V.

We also reject defendant's argument in point two of his appeal related to the 2001 convictions that his counsel provided ineffective assistance because he advised defendant to accept a guilty plea rather than pursue the affirmative claim of self-defense at trial. That claim is time-barred and substantively without merit.

First, defendant's claim is clearly time barred. Defendant was a participant in the altercation that led to his claimed injuries and attested in his petition that he made counsel aware of that potential defense, yet failed to raise any claims regarding his counsel's ineffectiveness until over a decade after his convictions. Defendant clearly failed to satisfy the requirement of either Rule 3:22-12(a)(1) or Rule 3:22-12(a)(2)(B), or establish a basis to relax those time deadlines.

Moreover, defendant's claims are bald assertions and are insufficient to establish a claim of ineffective assistance of counsel under Strickland, in any event. See State v. Cummings, 321 N.J. Super. 154, 169-71 (App. Div. 1999). Finally, as the court correctly concluded, any claim of self-defense and innocence is contradicted by both his plea form and colloquy during the plea

hearing wherein defendant admitted his guilt, and specifically that he intended to cause serious bodily injury to the victim with a knife.

VI.

Finally, we reject defendant's claim in point three of his brief related to his 2001 convictions that the court improperly applied the four-factor "manifest injustice" standard for withdrawing pleas under Slater to his ineffective assistance claim, as it is clear that the court properly analyzed defendant's PCR claims under the Strickland test. The court also reviewed defendant's claims related to his 2001 convictions under Slater because defendant's petition specifically claimed that "his plea was not informed and thus he should be allowed to withdraw his plea."

VII.

In sum, we conclude defendant's PCR claims are time-barred and substantively without merit. Consequently, defendant was not entitled to an evidentiary hearing. To the extent we have not specifically addressed any of defendant's remaining arguments, it is because we find insufficient merit in these arguments to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0222-18T1